## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANNA LA FRONZA, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>PEOPLECONNECT, INC., and INTELIUS LLC,<br><br>                Defendants. | Case No. 1:21-cv-00280<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Anna La Fronza ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendants PeopleConnect, Inc. and Intelius LLC (together "Intelius" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF ACTION

1.     Defendant owns and operates a website that sells background reports on people to the general public.

2.     Defendant sells its reports on its website: www.intelius.com.

3.     Upon accessing Intelius's website, the public-at-large is free to enter the first and last name of a particular individual via a search bar on the homepage.

4.     After entering this information, any public user of Intelius's website is provided with a listing of search results. Each search result corresponds to an actual person that Intelius has located who matches the name provided by the public user.

5.     These search results provide a limited, free preview of Defendant's reports. As shown in the images below, this free preview includes the searched individual's name (including

middle initials), age, current city and state of residence, the searched individual's relatives, and other identifying information:







6.      As shown in the above, Intelius's free preview provides enough information to identify an individual.

7.      The purpose behind Intelius's free preview is singular: to entice users to purchase Defendant's services. These services include "Criminal Records" and "Unlimited Reports" relating to individuals in its database.

3

8.      Intelius uses these free previews to advertise its monthly subscription services whereby a user can access and retrieve reports on any individual in its database.

9.      In order for a user to view a person's reports or other background histories generated by the Defendant, a user needs to purchase Defendant's services.  Clicking on "Open Report," "Agree and Continue," or "Continue," in the above images leads users to a pay screen which presents them with an option to pay for Intelius's monthly subscription services.

10.     Intelius's most popular monthly subscription costs $24.86 per month to access and search anyone on its database.

11.     Intelius's monthly subscription allows users to obtain background reports using its services on an unlimited number of individuals per month.

12.     Intelius compiles and generates the content it sells on its website.  According to Defendant: "Our reports use multiple data sources that we cross reference to ensure accuracy." (see screenshot in Paragraph 5)

13.     The Illinois Right of Publicity Act ("IRPA") states that: "A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons."  765 ILCS 1075/30.

14.     Neither Plaintiff nor class members provided Defendant with written consent to use their identities in Defendant's advertisements.  As detailed above, Intelius uses class members' identities to advertise its for-profit services.  Thus, Defendant violates IRPA, 765 ILCS 1075/1, *et seq.*

15.     It would be simple for Intelius to maintain their business model while still complying with state law.  For example, Intelius could merely display the names of the searched individuals – without more identifying information – in their advertisements for their services.  Or Intelius could sell Plaintiff's information on an individual basis without using her identity to advertise its unlimited subscription service.

16.     Intelius purposefully subjects itself to jurisdiction in this Court by knowingly searching and obtaining private and public records and/or identifying information on Illinois

4

residents. Indeed, this lawsuit revolves around Intelius's business practice of acquiring identifying information about Illinois residents with the specific intent of selling that information to its customers.

17. Additionally, Intelius directly sells its services to consumers in Illinois.

## PARTIES

18. Plaintiff Anna La Fronza is a citizen of Illinois who resides in West Chicago, Illinois.

19. Defendant Intelius LLC is a Delaware limited liability company with its principal place of business located in Seattle, Washington.

20. Defendant PeopleConnect, Inc. is a Delaware corporation with its principal place of business located in Seattle, Washington. Defendant PeopleConnect, Inc. is the parent company of Defendant Intelius LLC.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, together with most members of the proposed class, are citizens of states different than at least one defendant.

22. This court has specific personal jurisdiction over Defendant because Intelius purposely advertises their product in this District using Plaintiff's personal information and Plaintiff's injury resulted from Defendant's purposefully directed activities in this District.

23. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff lives in this District which is also the primary location of her injury.

## FACTS COMMON TO ALL CAUSES OF ACTION

24. Plaintiff discovered that Intelius uses her name, age, city of domicile, and the

identity of her relatives in advertisements on the Intelius website to advertise and/or actually sell Defendant's products and services. These advertisements were the same or substantially similar to those shown in Paragraph 5.

25.     Plaintiff believes that it is reasonable for others to identify her because Defendant's advertisements include accurate details about her.

26.     Indeed, Plaintiff can confirm that the individual Defendant identified in paragraph 5 is herself.

27.     Plaintiff never provided Intelius with consent to use any attribute of her identity in any advertisement or for any commercial purposes.

28.     Plaintiff is not and has never been a Intelius customer. She has no relationship with Intelius whatsoever.

29.     As the subject of a commercial transaction, Plaintiff's personal identifiable information disclosed by Intelius has economic value. These aspects of Plaintiff's identity are valuable to online advertisers among others.

30.     Plaintiff has not been compensated by Intelius in any way for its use of her identity.

## CLASS REPRESENTATION ALLEGATIONS

31.     Plaintiff seeks to represent a class defined as all Illinois residents who have appeared in an advertisement preview for an Intelius report (the "Class").

32.     Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

33.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

        a.  Whether Defendant uses class members' names and identities in advertisements for its own commercial benefit;

        b.  Whether the conduct described herein constitutes a violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.*;

        c.  Whether Plaintiff and the class are entitled to injunctive relief;

        d.  Whether Defendant was unjustly enriched; and

        e.  Whether Defendant violated the class members' privacy.

34.     The claims of the named Plaintiff are typical of the claims of the Class.

35.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

36.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.  Defendant has acted or refused to act on

7

grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## COUNT I
### Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.*

37.     Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

38.     Plaintiff brings this claim individually and on behalf of the members of the Class.

39.     The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq*.

40.     As shown above, Intelius used Plaintiff's and the putative class members' names and likenesses for the purpose of advertising or promoting its products without written consent.

41.     Defendant intended for Plaintiff's persona to be used in an advertisement without authorization.

42.     Based upon Intelius's violation of the Illinois Right of Publicity Act, Plaintiff and the class members are entitled to (1) an injunction requiring Intelius to cease using Plaintiff's and the class members' names and any attributes of their identities to advertise its products and services, (2) the greater of any award of actual damages (including profits derived from the unauthorized use of Plaintiff's and class members' names and identities) or statutory damages of $1,000 per violation to the members of the class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40–55.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

b. For an order declaring that the Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For all injunctive relief the court finds appropriate; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## <u>**DEMAND FOR TRIAL BY JURY**</u>

Plaintiff demands a trial by jury of all issues so triable.

Dated: January 15, 2021           Respectfully submitted,

**NICK LARRY LAW LLC**

By:    <u>*s/ J. Dominick Larry*</u>
        One of Plaintiff's Attorneys

J. Dominick Larry
8 S Michigan Ave, Suite 2600
Chicago, IL 60603
Tel: (773) 694-4669
Fax: (773) 694-4691
E-Mail: nick@nicklarry.law

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*Pro Hac Vice* Forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: pfraietta@bursor.com

*Attorneys for Plaintiff*

9