# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANNA LA FRONZA, individually and on behalf of all others similarly situated, | ) )  )  Case No. 1:21-cv-00280 |
| Plaintiff, | )  )  Hon. Judge Edmond E. Chang |
| v. | )  )  Magistrate Judge M. David Weisman |
| PEOPLECONNECT, INC., and INTELIUS LLC, | ) )  ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE AND REASSIGN RELATED ACTIONS

Just over a month after Plaintiff Anna La Fronza filed this class action against Defendants PeopleConnect, Inc. and Intelius LLC (the "La Fronza Action"), Natalia Kupiec filed a separate class action against the same Defendants in the same district (the "Kupiec Action"). Both actions are premised on the same set of alleged facts—that the plaintiffs' information is used on Intelius's website without the Plaintiffs' consent. Both actions allege nearly identical violations of the Illinois Right of Publicity Act. And both actions seek damages and injunctive relief on behalf of a class of Illinois residents. In short, the two actions are substantially similar and the Kupiec Action should therefore be reassigned to this Court under Local Rule 40.4.

Further, as the Seventh Circuit has explained, consolidation of close-in-time lawsuits that share nearly identical factual and legal issues and feature substantially similar classes is "[b]y far the best means of avoiding wasteful overlap." *Blair v. Equifax Check Servs., Inc.,* 181 F.3d 832, 839 (7th Cir. 1999). This rationale warrants consolidation of the La Fronza and Kupiec actions under Federal Rule of Civil Procedure 42.

## PROCEDURAL BACKGROUND

La Fronza filed this class-action complaint against PeopleConnect, Inc. and Intelius LLC ("Defendants") on January 15, 2021. (No. 1:21-cv-00280.) In the complaint, La Fronza alleges that Defendants use "her name, age, city of domicile, and the identity of her relatives in advertisements on the Intelius website to advertise and/or actually sell Defendant's products and services", including "monthly subscription services", without her consent. (La Fronza Compl. ¶¶ 8, 24, 27.)

La Fronza asserts a claim for violation of the Illinois Right of Publicity Act. (*Id.* ¶¶ 37–42.) She seeks injunctive relief, economic damages, punitive damages, and attorneys' fees, on behalf of a class of "all Illinois residents who have appeared in an advertisement preview for an Intelius report." (*Id.* ¶¶ 31, 42.)

Kupiec filed her class-action complaint against PeopleConnect, Inc. and Intelius LLC in this district on February 19, 2021. (No. 1:21-cv-00968.) Like the La Fronza complaint, the Kupiec complaint alleges that Defendants "misappropriated people's identities (individuals' names and other identifying information such as their age, location, and known relatives) for its own commercial benefit (to market and promote a monthly subscription to access unlimited reports on individuals in its database)", including Kupiec's, without consent. (Kupiec Compl., Ex. A, ¶¶ 19, 20, 22-24.)

Kupiec also asserts a claim for violation of the Illinois Right of Publicity Act. (*Id.* ¶¶ 34–41.) Kupiec seeks injunctive relief, economic damages, punitive damages, and attorneys' fees on behalf of a class of "all Illinois residents (1) whose identities were displayed on the Marketing Page and (2) who have never purchased any products or services on Intelius.com." (Kupiec Compl. ¶¶ 26, 41.)

# ARGUMENT

The Kupiec Action should be reassigned to this Court under Local Rule 40.4 because it satisfies two separate measures of relatedness to the La Fronza Action, and reassignment would promote efficiency as required by the Local Rules. The two actions should also be consolidated under Federal Rule of Civil Procedure 42. Consolidation is the Seventh Circuit's preferred practice for managing related cases and, here, would be the most efficient process for handling Defendants' anticipated Motion to Compel Arbitration, and any future litigation should such motion be denied.

## I. The Kupiec Action Should be Reassigned to this Court.

"Local Rule 40.4. allows for the reassignment of two or more related actions where: (1) the court finds that the definition of relatedness in L.R. 40.4(a) is met; and (2) each of L.R. 40.4(b)'s four criteria are satisfied." *Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, No. 20 CV 2523, 2020 WL 8367421, at *2 (N.D. Ill. Sept. 4, 2020) (citing L.R. 40.4.) Reassignment of the Kupiec Action is warranted because both conditions are satisfied.

### A. The La Fronza and Kupiec Actions are Related Under Local Rule 40.4(a).

"Under Local Rule 40.4(a), two civil cases are related if *one* or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." *Pactiv Corp. v. Multisorb Techs., Inc.,* No. 10 C 461, 2011 WL 686813, at *4 (N.D. Ill. Feb. 15, 2011) (emphasis added); LR 40.4(a). At least two of these conditions are met here.

*First,* the two actions "involve the same issues of fact or law." *Pactiv Corp.*, 2011 WL 686813, at *4. This is a low threshold. Indeed, "[i]f some of the same issues of fact or law are common, that can be sufficient to establish relatedness." *Glob. Pat. Holdings, LLC v. Green Bay*

*Packers, Inc.,* 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008). Here, the La Fronza and Kupiec Actions involve almost *identical* issues of fact and law. The lawsuits both assert that Defendants violated the Illinois Right of Publicity Act by using the Plaintiffs' names and other "identifying information" without their consent to "advertise" services, including a subscription service, to the Intelius website. (La Fronza Compl. ¶¶ 5, 7–8; Kupiec Compl. ¶¶ 2, 41.) For this reason alone, the actions are "related" under Local Rule 40.4(a)(2).

*Second,* "one or more of the classes involved in the cases is or are the same." *Pactiv Corp.*, 2011 WL 686813, at *4. Again, courts have articulated a low threshold for this standard—it is satisfied as long as the two classes "do not materially differ." *Sha-Poppin Gourmet Popcorn*, 2020 WL 8367421, at *2. La Fronza purports to represent a class of "all Illinois residents" who appear in an Intelius "advertisement preview". (La Fronza Comp. ¶ 31.) Kupiec purports to represent a class of "[a]ll Illinois residents" who appeared on an Intelius "Marketing Page" and "never purchased any products or services on Intelius.com." (Kupiec Compl. ¶ 26.) Both class definitions include "all Illinois residents" appearing on the same page of Intelius's website: La Fronza includes an image accompanying what it describes as a "free preview" that is substantially similar to the image Kupiec refers to as a "Marketing Page". (La Fronza Compl. ¶ 5; Kupiec Compl. ¶ 16.) The La Fronza class overlaps with and in fact subsumes the Kupiec class. Therefore the two classes do not "materially differ" and the two actions are related for purposes of Local Rule 40.4(a). *Sha-Poppin Gourmet Popcorn*, 2020 WL 8367421, at *2; *see also McCarter v. Kovitz Shifrin Nesbit*, No. 13 C 3909, 2015 WL 74069, at *6 (N.D. Ill. Jan. 5, 2015) (finding cases with "overlapping classes" related under L. R. 40.4(a)(4)).

### B. Reassignment Would Promote Efficiency as Required by Local Rule 40.4(b).

When two cases are related, as the La Fronza and Kupiec Actions are here, Local Rule 40.4(c) permits reassignment of the later-filed action to the judge presiding over the lower-numbered action if: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." LR 40.4(b). All four factors are satisfied here.

*First*, both case are pending in the Northern District of Illinois. (*See* No. 1:21-cv-00280; No. 1:21-cv-00968.)

*Second*, reassignment of the Kupiec Action will save substantial judicial time and effort. As discussed above, both actions involve the same defendants, the same website, the same violation of the Illinois Right of Publicity Act, and the same requested relief. Defendants have until March 29, 2021 to answer or otherwise plead in the La Fronza Action. Defendants have until May 3, 2021 to answer or otherwise plead in the Kupiec Action. To date, no substantive motions have been filed by either side in either case. In both cases, Defendants intend to bring a Rule 12 motion to compel arbitration based on the Terms of Use accepted by the Plaintiffs and/or their agents[1], or alternatively to dismiss the case for failure to state a claim. "It would be a waste of limited judicial resources to require two judges to expend the time and effort necessary to understand the [legal and] factual issues involved in both cases when it could simply be handled by one judge." *Helferich Pat. Licensing, L.L.C. v. N.Y. Times Co.*, No. 1:10-cv-04387, 2012 WL 1368193, at *3 (N.D. Ill. Apr. 19, 2012). And "[a]bsent reassignment" of the Kupiec Action to this

---

[1] By filing this motion, Defendants are not waiving the right to demand arbitration, which Defendants will be asserting soon in the first responsive motion to the complaint.

5

Court, "another [judge] will be required to invest similar time and effort." *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, No. 18-CV-6109, 2019 WL 2515984, at *3 (N.D. Ill. June 18, 2019).

*Third*, both cases were filed recently and neither has proceeded beyond the pleadings stage; indeed, Defendants have neither answered nor otherwise responded to either complaint and "no discovery has been conducted and little judicial effort has been expended thus far." *Glob. Pat. Holdings,* 2008 WL 1848142, at *4; *see also KPASA, LLC v. United States,* 2004 WL 1144053, at *2 (N.D. Ill. May 17, 2004) (finding "no delay will result from consolidation and reassignment" where "all three cases are at precisely the same stage of litigation").

*Fourth*, both cases are susceptible to disposition in a single proceeding. This condition "does not require that the cases be completely identical to permit reassignment;" rather, the cases must simply have "fundamentally similar claims and defenses that will likely be amendable to dispositive treatment in unified proceedings." *Pactiv,* 2011 WL 686813, at *5. As explained above, the actions involve nearly identical legal claims and overlapping classes and seek the same damages and injunctive relief for the alleged misuse of the Plaintiffs' information on the Intelius website. In light of the legal and factual unity between the two cases, the actions are susceptible to disposition in a single proceeding and the Kupiec Action should therefore be reassigned to this Court. *See, e.g., id.*

### C. Reassignment Is Not Premature.

Local Rule 40.4 provides that, "[i]n order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, [motions to reassign] should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." LR 40.4(c). As courts in this district have recognized, this rule "does

6

not require that [the defendants] answer or otherwise plead first." *Urban 8 Fox Lake Corp.*, 2019 WL 2515984, at *4; *see also Freeman v. Bogusiewiz,* No. 03 C 2908, 2004 WL 1879045, at *1 (N.D. Ill. Aug. 11, 2004). In *Freeman,* for example, the court granted the defendants' motion to reassign before the defendants answered either complaint in the two underlying proceedings. *Id.* The court rejected the plaintiff's contention that the defendants' motion was premature because the court found that the parties had sufficient opportunity to file briefs in connection with the request. *Id.*

**II.     The La Fronza And Kupiec Actions Should Be Consolidated.**

In addition to being reassigned to this Court, the Kupiec Action should be consolidated with the above-captioned case under Rule 42 of the Federal Rules of Civil Procedure.

The Seventh Circuit has instructed that consolidation is "[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court[.]" *Blair,* 181 F.3d at 839; *see also Blocker v. City of Chicago*, No. 09-CV-7052, 2011 WL 1004137, at *2 (N.D. Ill. Mar. 16, 2011) ("The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap."). Consolidation is permitted if two cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). This is a low threshold: even one common issue of fact or law is enough. *See id.* (providing that the court may consolidate two actions if they involve "*a* common question of law or fact" (emphasis added)). Moreover, courts in this district have often ordered reassignment and consolidation at the same time. *See, e.g., Blocker,* 2011 WL 1004137, at *3; *Pactiv,* 2011 WL 686813, at *5; *KPASA,* 2004 WL 1144053, at *5.

As explained above, the La Fronza and Kupiec Actions—which were brought against the same Defendants on behalf of similar putative classes—are based on the common factual

7

allegation that the Plaintiffs' information is used to advertise services on the Intelius website without the Plaintiffs' consent. The actions involve overlapping causes of action and therefore raise identical questions of law. Accordingly, consolidation of these cases is warranted. *See, e.g., Int'l Bhd. of Teamsters Local 734 Health & Welfare Tr. Fund v. Phillip Morris, Inc.*, 34 F. Supp. 2d 656, 659 n.2 (N.D. Ill. 1998) (noting that cases were reassigned and consolidated because both "raise[d] completely identical questions of law and fact involving the same defendants"); *Ladenberger v. Nat'l Tech. Transfer, Inc.,* 2000 WL 1349247, at *2 (N.D. Ill. Sept. 19, 2000) (consolidating copyright and breach of contract case with later case asserting tort claims because "the factual scenario is similar and the legal issues are related," even where "the issues of law are not identical").

## CONCLUSION

For the reasons set forth above, Defendants respectfully requests that *Kupiec v. PeopleConnect, Inc. et al.*, No. 1:21-cv-00968, be reassigned to this Court and consolidated with the above-captioned matter.

Dated: March 23, 2021

Respectfully Submitted,

PEOPLECONNECT, INC., and INTELIUS LLC

By: /s/ Wade A. Thomson

Wade A. Thomson, #6282174
Debbie L. Berman, #6205154
Clifford W. Berlow, #6292383
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
wthomson@jenner.com
dberman@jenner.com
cberlow@jenner.com

Ian Heath Gershengorn (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
Telephone: 202 639-6000
Facsimile: 202 639-6066
igershengorn@jenner.com

*Attorneys for Defendants PeopleConnect, Inc., and Intelius LLC*

## CERTIFICATE OF SERVICE

I, Wade A. Thomson, certify that on March 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

/s/ *Wade A. Thomson*