IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA LA FRONZA, and NATALIA KUPIEC, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) Case No. 1:21-cv-00280 |
| Plaintiffs, | )<br>) Hon. Judge Edmond E. Chang |
| v. | )<br>) Magistrate Judge M. David Weisman |
| PEOPLECONNECT, INC., a Delaware Corporation, INTELIUS LLC, a Delaware Limited Liability Company, INSTANT CHECKMATE, LLC, a Delaware Limited Liability Company, TRUTHFINDER, LLC a Delaware Limited Liability Company, and US SEARCH, LLC, a Delaware Limited Liability Company, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO SEVER

Pursuant to Federal Rules of Civil Procedure ("Rules") 20 and 21, and this Court's scheduling Order dated May 3, 2021, Defendants PeopleConnect, Inc. ("PeopleConnect"), Intelius LLC ("Intelius"), Instant Checkmate LLC ("Instant Checkmate"), and Truthfinder, LLC ("Truthfinder", and together, "Defendants")[1] respectfully move this Court to enter an order either (1) severing Plaintiffs' claims against different Defendants into different cases based on the website that is the subject of each claim; or (2) dismissing without prejudice Plaintiffs' claims other than their claim against PeopleConnect and Intelius based on the Intelius.com website.[2]

---

[1] The named defendant "US Search, LLC" is not an entity; the USSearch.com website referred to in the Amended Complaint is operated by PeopleConnect.

[2] Defendants expressly reserve their right to move to compel Plaintiffs' claims to arbitration pursuant to Rule 12(b)(3) and move to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6).

Plaintiffs initially filed five different cases and did not identify any of those cases as related. After their cases were assigned to different judges in this Court, Plaintiffs sought to reassign and consolidate their claims before Judge Feinerman, who rejected their request, noting that the cases involved different claims against different defendants.

In an attempt to achieve what Judge Feinerman denied, Plaintiffs now have joined in a single case claims based on different conduct, by different defendants, relating to different websites, with differing Terms of Service, with different underlying products, and giving rise to different defenses, including but not limited to different arbitration defenses. Plaintiffs' claims against different Defendants based on different websites all involve different underlying facts. The Court should sever Plaintiffs' claims into different cases because Plaintiffs cannot meet their burden to show that joinder is appropriate under Rule 20(a)(2). And even if Plaintiffs could meet this burden, this Court should sever Plaintiffs' claims pursuant to its discretionary authority under Rule 21 because Plaintiffs' claims are distinct, and severance would promote judicial economy while not prejudicing any party. If severance were not granted, each Defendant would sustain significant prejudice by the confusion and inefficiency generated by having to defend against a case containing a hodgepodge of many disparate and irrelevant facts and circumstances having nothing to do with itself.[3]

## BACKGROUND

Plaintiff's counsel initially filed a multitude of actions against the different Defendants alleging various websites violate certain rights of privacy and publicity:

---

Defendants are filing this motion to sever prior to filing their Rule 12(b)(3) and (6) motions to compel arbitration and dismiss pursuant to the Court's direction as to the ordering of briefing. *See* Dkt. No. 34; *see also Davis v. Fenton*, 26 F. Supp. 3d 727, 744-45 (N.D. Ill. 2014).

[3] On April 27, 2021, counsel for Defendants conferred with counsel for Plaintiffs regarding the relief sought in this motion, and Plaintiffs' counsel indicated they oppose the requested relief.

- Plaintiff Anna La Fronza filed a complaint against PeopleConnect and Intelius on January 15, 2021. *See* Dkt. No. 1.
- Plaintiff Natalia Kupiec filed four separate actions on February 19, 2021: (1) *Kupiec v. PeopleConnect, Inc. and Intelius LLC*, No. 21-cv-968 (N.D. Ill.); (2) *Kupiec v. PeopleConnect, Inc., and Instant Checkmate, LLC*, No. 21-cv-969 (N.D. Ill.); (3) *Kupiec v. PeopleConnect, Inc., and TruthFinder, LLC*, No. 21-cv-970 (N.D. Ill.); and (4) *Kupiec v. PeopleConnect, Inc., and US Search, LLC*, No. 21-cv-971 (N.D. Ill.).

Neither Plaintiff checked the box on the civil cover sheet to indicate the existence of any related cases in the case-initiating documents, including Kupiec who filed four of those actions.[4] All five actions were assigned to different judges.

On March 23, 2021, in an effort to combine related matters involving the same defendants, and for the sake of efficiency, PeopleConnect and Intelius moved to reassign and consolidate Kupiec's case against PeopleConnect and Intelius (No. 21-cv-968) with La Fronza's case against PeopleConnect and Intelius. *See* Dkt. No. 17. The due date for PeopleConnect and Intelius to file their responsive pleading in the LaFronza matter was March 29, 2021. Because the motion to consolidate was still pending on that due date, PeopleConnect and Intelius filed their motion to dismiss La Fronza's complaint and a motion to stay discovery until the Court ruled on their motion to dismiss. *See* Dkt. Nos. 21-24. At that time, the defendants' deadline to answer or otherwise respond to the complaints in the four separate *Kupiec* matters was May 3, 2021.

---

[4] *See* Dkt. No. 2; No. 21-cv-968, Dkt. No. 2; No. 21-cv-969, Dkt. No. 2; No. 21-cv-970, Dkt. No. 2; No. 21-cv-971, Dkt. No. 2.

Despite having intentionally filed separate cases, on April 1, 2021, Plaintiffs moved pursuant to Local Rule 40.4 to reassign and consolidate all of the above cases with *Lukis v. Whitepages, Inc.*, No. 19-cv-4871 (N.D. Ill.) and *Fischer v. Instant Checkmate LLC*, 19-cv-4892 (N.D. Ill.), both of which are pending before Judge Feinerman. *See Lukis v. Whitepages, Inc.*, No. 19-cv-4871, Dkt. Nos. 167-169. In the alternative, Plaintiffs asked Judge Feinerman to reassign and consolidate the five more recently filed cases (*i.e.*, Kupiec's four cases and La Fronza's case) before Judge Chang. No. 19-cv-4871, Dkt. No. 167, at 5-6, 10. La Fronza filed a notice of the motion in this Court. *See* Dkt. No. 26.

The next day, Instant Checkmate filed a notice of opposition on the grounds that the matters involved claims based on "different conduct, by different defendants, relating to different websites, with different underlying products, different class definitions and periods, and different defenses, including but not limited to different arbitration defenses." No. 19-cv-4871, Dkt. No. 171, at 3. Within hours of Instant Checkmate's notice of opposition, Judge Feinerman denied La Fronza and Kupiec's motion in full. Judge Feinerman explained that the cases involved "different plaintiffs and different defendants" and the "fact that cases involve [] overlapping legal issues and similar facts is not sufficient" for a Local Rule 40.4 reassignment. No. 19-cv-4871, Dkt. No. 173.

Four days later, on April 6, 2021, noting Judge Feinerman's denial of Plaintiffs' motion, this Court set a briefing schedule on Defendants' request for reassignment and consolidation of the Intelius matters. Dkt. No. 27. In so doing, the Court also terminated the motion to dismiss and motion to stay discovery filed in the LaFronza matter without prejudice, stayed discovery pending its resolution of the reassignment motion, and informed the parties that the Rule 12 deadline would be reset after the Court issued its ruling on the reassignment motion. Dkt. No. 27.

4

On April 19, 2021, Kupiec voluntarily dismissed her separate cases against Intelius, US Search, Truthfinder, and Instant Checkmate. That same day, La Fronza amended her complaint to (1) add Kupiec as a plaintiff to her complaint; and (2) add all of Kupiec's claims and defendants here. *See* Dkt. No. 29 ("AC"). Plaintiffs' claims are based on the alleged use of their identities on four different websites—Intelius.com, InstantCheckmate.com, Truthfinder.com, and USSearch.com. AC ¶ 18.

The consolidated complaint consists of unique allegations of fact for each of these websites. *Id.* ¶¶ 19-25 (Intelius.com); 26-32 (InstantCheckmate.com); 33-39 (Truthfinder.com); 40-47 (USSearch.com). While Plaintiffs style their complaint as a single count under the Illinois Right of Publicity Act ("IRPA") against all Defendants (*id.* ¶¶ 64-71), the factual allegations underlying the count differ as to each Defendant and the liability alleged is individual.

In recognition of the fact that their claims against the different websites really are unique and unrelated claims against each website, Plaintiffs propose subclasses of plaintiffs whose identities were displayed on each of the different websites (*i.e.*, the "Intelius Subclass", the "Instant Checkmate Subclass", the "Truth Finder Subclass", and the "US Search Subclass"). *Id.* ¶ 56.

## ARGUMENT

### I. The Court Should Sever Plaintiffs' Claims Because Joinder Under Rule 20 Is Improper.

Severance of Plaintiffs' claims against the different Defendants is proper because those claims were misjoined. Rule 20(a)(2) provides that multiple defendants may be joined in one action only if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

5

Fed. R. Civ. P. 20(a)(2). Rule 20(a) is designed to allow district courts discretion to "manag[e] and structur[e] civil litigation for fair and efficient resolution of complex disputes" and avoid prejudice, expense, and delay. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

As this Court has recognized, Plaintiffs bear the burden of establishing these elements. *See Estée Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020). When ruling on a motion to sever at the pleading stage, courts accept the factual allegations in a complaint as true, but "are not required to accept conclusory or speculative statements that do not qualify as assertions of fact." *Estée Lauder*, 334 F.R.D. at 185. When defendants have been misjoined, either severance or dismissal without prejudice is the appropriate remedy. *See* Fed. R. Civ. P. 21; *UWM*, 888 F.3d at 864 ("The proper remedy for violations of Rules 18 and 20 is severance or dismissal without prejudice, not dismissal with prejudice.").

Plaintiffs' claims should be severed under Rule 20(a)(2) for four independent reasons, any of which is sufficient to grant Defendants' motion. First, Plaintiffs do not plead claims against the Defendants "jointly, severally, or in the alternative." Fed. R. Civ. P. 20(a)(2). Second, their claims do not arise out of the same "transaction, occurrence, or series of transactions or occurrences." *Id.* Third, they do not allege any "question of law or fact common to all defendants." *Id.* And fourth, joinder under Rule 20(a)(2) is improper because it will not foster the objectives of the rule and would serve only to inconvenience Defendants and the Court by leading to separate mini-trials and potential confusion of the issues regarding the different claims against the different websites.

### A. Plaintiffs Do Not Assert Any Right To Relief "Jointly, Severally, Or In The Alternative."

As a threshold matter, joinder of claims is improper under Rule 20 unless plaintiffs seek relief against defendants "jointly, severally, or in the alternative." Fed. R. Civ. P. 20(a)(2)(A).

6

Relief is sought "jointly and severally" when "two or more individuals tortiously contribute to *the same, indivisible injury.*" *LeClercq v. Lockformer Co.*, No. 00 C 7164, 2002 WL 992671, at *2 (N.D. Ill. May 7, 2002) (emphasis added) (citing W. Keeton, *Prosser & Keeton on Torts* §§ 47, 50-52 (5th ed. 1984)). Similarly, relief is sought against multiple defendants "in the alternative" when "the substance of plaintiff's claim indicates that the plaintiff is entitled to relief from someone, but the plaintiff does not know which of two or more defendants is liable." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1654 (3d ed. 2002). When a plaintiff does not seek relief against defendants "jointly, severally, or in the alternative," joinder is improper. *See, e.g.*, *Yang v. Powers*, No. 20-C-760, 2020 WL 4142806, at *2-3 (E.D. Wis. July 20, 2020) (dismissing for improper joinder plaintiffs' claims based on separate government orders in response to the pandemic despite the allegation that the defendants acted "in concert", because such an allegation "is not enough to create joint and several liability").

Here, Plaintiffs do not allege "the same, indivisible injury." *LeClercq*, 2002 WL 992671, at *2. Instead, they allege distinct injuries relating to the alleged separate use of their identities on four different websites. *E.g.*, AC ¶¶ 21, 28, 35, 42. They do not and could not allege, for example, that Instant Checkmate is liable for the purported use of Plaintiffs' identity on the Truthfinder website, or vice versa. As in *Yang*, therefore, Plaintiffs do not seek relief from Defendants "jointly, severally, or in the alternative," and joinder of their claims is improper.

> **B.  Plaintiffs' Claims Do Not Arise Out Of The Same "Transaction, Occurrence, Or Series Of Transactions Or Occurrences."**

Plaintiffs' claims also fail to satisfy Rule 20(a)(2) because they do not arise out of the same "transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). A plaintiff's claims satisfy this element only when there is "substantial evidentiary overlap in the facts giving rise to the cause of action"—*not* where the causes of action are based on "distinct,

7

albeit coincidentally identical, facts." *Estée Lauder*, 334 F.R.D. at 185 (citation omitted). For this reason, it is well-settled that joinder of defendants that are merely alleged to have engaged in similar wrongful conduct is improper.

The court's decision in *Bryant v. Entertainment Shopping Inc.* is on point. There, the plaintiffs brought claims for gambling losses against several defendants who ran different websites, claiming that joinder was appropriate because the websites had "almost identical rules and website designs" that were modeled of one of the defendant's parent company's website. No. 11-cv-1013, 2011 WL 3511077, at *2 (N.D. Ill. Aug. 8, 2011). The court rejected this argument and severed the claims, holding that even if the plaintiffs' claims were similar, they were not based on the same transactions or occurrences. *Id.*

Numerous courts in this district and the Seventh Circuit have reached the same conclusion. *See, e.g.*, *UWM*, 888 F.3d at 863-64 (affirming finding of misjoinder of similar claims against different defendants); *Morton Grove Pharms., Inc. v. Nat'l Pediculosis Ass'n*, 525 F. Supp. 2d 1049, 1050-51 (N.D. Ill. 2007) (severing claims against different defendants that were based on the "dissemination of different statements" and thus "separate occurrences" that did not satisfy the joinder requirements of Rule 20); *McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, 697 (N.D. Ill. 2009) ("One or more defendants' similar conduct, without anything more, does not rise to a sufficient level that would justify joining those defendants in a single action pursuant to Rule 20."); *Yang*, 2020 WL 4142806, at *2 (dismissing claims against different defendants based on similar conduct without prejudice for improper joinder). This rule makes good sense, as "[t]he jury's resolution of the[] fact-specific questions as to a given defendant is completely independent of its tasks in answering those questions with regard to the other defendants." *Directv, Inc. v.*

*Delaney*, No. 03 C 3444, 2003 WL 24232530, at *4 (N.D. Ill. Nov. 20, 2003) (severing similar claims against five different defendants).

As in these cases, severance of Plaintiffs' claims is appropriate because as Judge Feinerman noted they arise out of factually distinct events; they are claims against different defendants based on the alleged uses of Plaintiffs' identities on four distinct websites to sell four different products. The facts underlying Plaintiffs' claim that Intelius used their identity in violation of IRPA, for example, are wholly distinct from the facts underlying their claim that Instant Checkmate used their identity in violation of IRPA. There are no overlapping facts that give rise to Plaintiffs' causes of action against the different defendants, let alone the "substantial evidentiary overlap" of facts necessary for joinder. *Estée Lauder*, 334 F.R.D. at 185. Put otherwise, "[t]he jury's resolution of the[] fact-specific questions" as to Intelius is "completely independent" of its resolution of fact-specific questions as to the other defendants. *Directv*, 2003 WL 24232530, at *4. Indeed, Plaintiffs effectively concede this by pleading different sub-classes that consist of persons whose identities allegedly were misused on each of the four different websites. *See* AC ¶ 56.

Moreover, while Plaintiffs allege that these "various websites" are "substantially similar," AC ¶¶ 18, 48, this is the exact type of allegation that courts have consistently found insufficient to meet the transaction-or-occurrence standard. *See Bryant*, 2011 WL 3511077, at *2; *Walgreen Co. v. Networks-USA V, Inc.*, No. 12 C 1317, 2012 WL 6591810, at *6 (N.D. Ill. Dec. 17, 2012). Whether Defendants' websites are similar has no bearing on whether Plaintiffs' claims arise out of a single transaction or occurrence. *See McDowell*, 645 F. Supp. 2d at 697. Indeed, even if Defendants' websites had "almost identical . . . website designs," that would not be enough to show that joinder is proper because Plaintiffs' claims are based on different uses of their identities.

*Bryant*, 2011 WL 3511077, at *2; *see also Walgreen*, 2011 WL 3511077, at *7 (joinder of defendants improper despite claims based on "the exact same terms").

The fact that all of the Defendants are owned by the same ultimate parent company likewise "does not change this analysis." *Walgreen Co.*, 2012 WL 6591810, at *6. In *Walgreen*, the plaintiff brought suit against three defendants who were corporate subsidiaries of the same parent based on three separate lease agreements. *Id.* The plaintiff argued that because the defendants were affiliates and violated the "exact same terms" of the different leases, joinder was proper. *Id.* at *7. The court rejected this argument, holding that even if the conduct at issue was "similar," the leases themselves were "separate, unrelated transactions" and the disputes involved "distinct events." *Id.* at *6-7. For this reason, the court granted the defendants' motion for misjoinder under Rule 21. *Id.* at *1. As in *Walgreen*, nothing about the corporate relationship between the parties in this case changes the fact that Plaintiffs' claims are based on "separate, unrelated transactions" that "involve distinct events." *Id.* at *6-7.

Judge Feinerman already recognized the differences between Plaintiffs' claims against the different Defendants when he denied Plaintiffs' motion to reassign and consolidate their cases under Local Rule 40.4. As Judge Feinerman explained, Plaintiffs' cases involve "different plaintiffs and different defendants," and the "fact that cases involve [] overlapping legal issues and similar facts is not sufficient" for a Local Rule 40.4 reassignment.[5] No. 19-cv-4871, Dkt. No. 173. Plaintiffs should not be permitted to end-run Judge Feinerman's ruling by amending their complaint to add the same claims that he found could not be consolidated.

---

[5] The requirements of Local Rule 40.4 are very similar to the elements of Federal Rule of Civil Procedure 20(a). Cases can be reassigned and consolidated under Local Rule 40.4 where the movant shows that (1) the cases are related, which is satisfied when, *inter alia*, "the cases grow out of the same transaction or occurrence"; and (2) the criteria set out in Local Rule 40.4(b) are satisfied, including that the handling of the cases by the same judge is "likely to result in a substantial saving of judicial time and effort." Local Rule 40.4(a)-(b).

10

### C. Plaintiffs Do Not Allege Any Question Of Law Or Fact Common To All Defendants.

Plaintiffs' joinder of their claims also is improper because they have not alleged "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(B). As discussed above, Plaintiffs' claims against the different Defendants rest on different factual events with no overlap. Plaintiffs' decisions to file their claims separately and not check the boxes identifying related cases underscores this fact. And although Plaintiffs' claims rest upon the same general theory of law," that is "not sufficient for purposes of Rule 20(a)" where, as here, the plaintiff's claims are based on "discrete act[s]" of the defendants. *Bailey v. N. Tr. Co.*, 196 F.R.D. 513, 517 (N.D. Ill. 2000) (finding no common issue of law or fact). Defendants' legal defenses in response to Plaintiffs' claims will be "tailored to the particulars of each individual defendant's action, rather than being common to all." *Directv*, 2003 WL 24232530, at *5 (severing claims on this basis). Plaintiffs' claims should be severed under Rule 20(a) for this additional reason.

### D. Joinder of Plaintiffs' Claims Will Lead Only To Inconvenience, Delay, and Potential Confusion.

Finally, a court "may deny joinder under Rule 20 if 'the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." *UMW*, 888 F.3d at 863; *see also Estée Lauder*, 334 F.R.D. at 186. Here, joinder of Plaintiffs' claims against different defendants in a single case will not foster the aims of Rule 20 for three reasons.

*First*, litigating claims brought by different sub-classes of Plaintiffs against different Defendants based on different websites will not lead to efficiency gains. Plaintiffs' claims are based on different, non-overlapping facts and underlying events. *See Martinez v. Haleas*, No. 07 C 6112, 2010 WL 1337555, at *3 (N.D. Ill. Mar. 30, 2010) (joinder improper where "a jury would be required to hear evidence and make factual determinations" regarding "separate events in one

11

trial"); *Purzel Video GMBH v. Does 1-91*, No. 4:12 CV 02292 AGF, 2013 WL 4775919, at *2 (E.D. Mo. Sept. 6, 2013) (severing cases where a "variety of defenses could prove unwieldy for a single case"). Moreover, Defendants intend to raise defenses to Plaintiffs' claims that differ by website, including motions to compel arbitration pursuant to Rule 12(b)(3) based on Plaintiffs' agreement to the Terms of Service applicable to each website, which differ depending on the website at issue. *See Directv*, 2003 WL 24232530, at *5 (severing claims where defenses would be "tailored to the particulars of each individual defendant's actions"). These differences in Plaintiffs' claims would create inefficiencies throughout the litigation, including motions to dismiss, class certification (where Plaintiffs seek to certify distinct sub-classes), and ultimately trial.[6]

*Second*, similarities between the websites at issue would "only serve to confuse the jury by trying two separate and distinct injury claims" together. *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994) (affirming denial of joinder on this basis). Allowing a jury to "hear a combination of the unique and otherwise distinct circumstances that underlie each of the Plaintiffs' claims" would yield a "risk of confusion and prejudice to [Defendants that] would be substantial." *McDowell*, 645 F. Supp. 2d at 696; *see also Martinez*, 2010 WL 1337555, at *3 (evidence regarding "separate events" would "likely be confusing to the jury, prejudicial to defendants, and undermine any other economies" that would come from joinder).

*Third*, Plaintiffs will incur no prejudice if these matters are severed. As Illinois courts have recognized, "there is nothing fundamentally unfair about" forcing a party to "litigat[e] what are really separate claims in separate lawsuits." *Directv, Inc.*, 2003 WL 24232530, at *5. The lack of

---

[6] There could be some efficiencies in the parties coordinating discovery in the different cases as they proceed. Any such efficiencies, however, do not outweigh the inefficiencies at other stages of litigation and the fact that Plaintiffs cannot satisfy the elements for joinder under Rule 20.

12

prejudice to Plaintiffs here is evident from the fact that Plaintiffs chose to file their claims as separate matters and did not even identify their claims as related. Indeed, Kupiec filed claims against all Defendants named in this action as separate actions. Litigating these matters separately, as Plaintiffs initially chose to do, causes them no prejudice.

**II.     The Court Should Sever Plaintiffs' Claims Pursuant To Its Discretionary Authority Under Rule 21.**

Even if Plaintiffs' claims were properly joined under Rule 20(a)—which they are not— the Court should still sever them pursuant to its discretionary authority under Rule 21. Rule 21 provides that the Court has the discretion to "on just terms, add or drop a party." Fed. R. Civ. P. 21. Pursuant to this rule, district courts have broad discretion to sever parties whenever "doing so will increase judicial economy and avoid prejudice to the litigants." *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985) (citation omitted). Courts exercising this discretion may sever a claim against a party that is "discrete and separate"—*i.e.*, a claim that is "capable of resolution despite the outcome of the other claim." *Malik v. Rankin*, No. 15-cv-00084, 2015 WL 1004019, at *6 (S.D. Ill. Mar. 4, 2015) (citing *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)).

Here, the Court should exercise its discretion to sever the Plaintiffs' claims against the different Defendants into different cases. Plaintiffs' claims are easily "capable of resolution despite the outcome of the other claim[s]." *Malik*, 2015 WL 1004019, at *6. Plaintiffs' claims are based on different conduct, by different defendants, relating to different websites, with different underlying products. *See Estée Lauder*, 334 F.R.D. at 188-89 (different underlying products weigh in favor of misjoinder). A finding or decision regarding one of these websites, therefore, does not create a "risk of inconsistent verdicts." *Malik*, 2015 WL 1004019, at *6. Indeed, litigating matters relating to these distinct websites together would lead only to a "risk of

13

confusion and prejudice" to the Defendants. *McDowell*, 645 F. Supp. 2d at 696. Moreover, for the reasons discussed in Section I.D, litigating Plaintiffs' claims in a single case will not lead to efficiency gains, and severing the cases will not prejudice Plaintiffs in any way. The Court, therefore, should exercise its discretion under Rule 21 to sever Plaintiffs' claims against different Defendants based on the different websites.

## **CONCLUSION**

For the foregoing reasons, Defendants ask the Court to enter an order either (1) severing Plaintiffs' claims into different cases based on the Defendants and the particular website that are the subject of each claim; or (2) dismissing without prejudice Plaintiffs' claims other than their claim against PeopleConnect and Intelius based on the Intelius.com website.

Dated: May 17, 2021

Respectfully Submitted,

PEOPLECONNECT, INC., INTELIUS LLC, INSTANT CHECKMATE, LLC, TRUTHFINDER, LLC

By: */s/ Wade A. Thomson*

Wade A. Thomson, #6282174
Debbie L. Berman, #6205154
Clifford W. Berlow, #6292383
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
wthomson@jenner.com
dberman@jenner.com
cberlow@jenner.com

Ian Heath Gershengorn (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
Telephone: 202 639-6000
Facsimile: 202 639-6066
igershengorn@jenner.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I, Wade A. Thomson, certify that on May 17, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

                                          /s/ *Wade A. Thomson*
                                            Wade A. Thomson