## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANNA LA FRONZA and NATALIA KUPIEC, individually and on behalf of all others similarly situated, | Case No.: 1:21-cv-00280 |
| *Plaintiffs*, | Judge: Hon. Edmond E. Chang |
| *v.* | |
| PEOPLECONNECT, INC., a Delaware corporation, and INTELIUS LLC, a Delaware limited liability company, | |
| *Defendants*. | |

## SECOND AMENDED CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiffs Anna La Fronza and Natalia Kupiec bring this Second Amended Class Action Complaint against Defendants PeopleConnect, Inc. and Intelius LLC to put an end to their unlawful practice of using the names and identities of Illinois residents without their consent in order to promote their services. Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their own attorneys.

## NATURE OF THE ACTION

1.      Defendants operate Intelius.com, a website that purports to sell access to a database containing proprietary "detailed reports" about people to anybody willing to pay for a monthly subscription.

2.      To market their services, Defendants encourage consumers to perform a free "people search" on their website. When consumers perform a free search for an individual—by

typing the individual's first and last name into the search bar—Defendants display webpages featuring the searched individual's full name alongside certain uniquely identifying information, including age, location, and names of relatives. The purpose of these pages is twofold: first, they show potential customers that Defendants' database contains detailed reports for the *specific* individual they searched for and represent that the detailed report contains much more information about the individual than the "free" report, and second, they offer to sell them a paid subscription to their services, where they can access detailed reports about *anybody* in their database. In other words, Defendants do not offer to sell detailed reports about the individuals searched on their websites, but rather, use their identities to sell subscriptions to Defendants' paid services.

3.     Unsurprisingly, the people appearing in these advertisements never provided Defendants with their consent (written or otherwise) to use their identities for any reason, let alone for Defendants' own marketing and commercial purposes.

4.     Defendants violated—and continue to violate—the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1, *et seq.* by using the full names and other aspects of the identities of Illinois residents in Defendants' advertisements without consent and for Defendants' commercial gain.

## PARTIES

5.     Plaintiff Natalia Kupiec is a natural person and a citizen of the State of Illinois.

6.     Plaintiff Anna La Fronza is a natural person and a citizen of the State of Illinois.

7.     Defendant PeopleConnect, Inc. is a corporation existing under the laws of the State of Delaware with its principal place of business located at 1501 4th Avenue, Suite 400, Seattle, Washington 98101.

8.      Defendant Intelius LLC is a limited liability company existing under the laws of the State of Delaware with its principal place of business located at 1501 4th Avenue, Suite 400, Seattle, Washington 98101. PeopleConnect owns and operates Intelius LLC.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the putative Class is a citizen of a state different from the Defendants, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under the subsection apply to this action.

10.     This Court has personal jurisdiction over Defendants because they transact significant business in this District, misappropriate the identities of people that they know reside in this District, and the unlawful conduct alleged in the Complaint occurred in and emanated from this District.

11.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiffs reside in this District and a substantial part of the events giving rise to this claim occurred in this District.

## COMMON FACTUAL ALLEGATIONS

### I.      The Illinois Right of Publicity Act

12.     In 1999, the Illinois Legislature recognized that every individual has the "right to control and to choose whether and how [his or her] identity [is used] for commercial purposes," 765 ILCS 1075/10, and as a result, passed the IRPA to protect individual property rights and prevent the exploitation of individuals' identities for another's commercial gain.

13.     The Act protects individuals from the unauthorized use of *any* of their attributes, including but not limited to, their names, signatures, photographs, images, likenesses, or voices

in the sale or advertisement of goods, merchandise, products, and services.

14.     In fact, the IRPA states that "a person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person…." 765 ILCS 1075/30. Notably, the IRPA does not require the person seeking relief under the Act to be a public figure.

## II.     Defendants Use Individuals' Names To Promote Paid Subscriptions To Defendants' People Search Websites.

15.     PeopleConnect owns and operates four "people search" websites: TruthFinder, Intelius, Instant Checkmate, and US Search (together, the "People Search Websites").[1] PeopleConnect designed each of the People Search Websites to operate in a substantially similar way: to misappropriate consumers' identities for its own commercial gain by using Plaintiffs' and the Class's identities in conjunction with an offer to purchase a paid membership to access its database—entirely without their knowledge or consent.

16.     The People Search Website at issue here is Intelius.com. Intelius is a website that sells detailed profile reports about individuals and "access to the best information available online." The reports are compiled in part from databases and public record repositories.

17.     Intelius reports must be purchased from its website and may include high value information including, *inter alia*, the individual's address, birth date, marriage records, and criminal history.

18.     As shown in Figure 1 below, when a consumer visits Intelius.com and searches for an individual by using his or her first and last name, Intelius displays a list of the individuals found within its records that have the same name, alongside certain uniquely identifying

---

[1]     PeopleConnect also owns and operates Classmates.com, which it describes as "one of the oldest social networking sites in the world," but not as part of its "fleet of People Search products."

information such as each individual's current age, location, and names of their immediate family members (the "Intelius Marketing Page").



(**Figure 1.**)

19.     Once a consumer selects an individual (by clicking "Open Report") from the Intelius Marketing Page, Intelius displays a checkout page with two offers to purchase a report: (i) a "Most Popular" tier costing $24.86 per month with access to unlimited reports and (ii) a "Power User" tier costing $42.25 with access to two months of unlimited reports. *See* Figure 2.



(**Figure 2.**)

20.     Though consumers may visit Intelius.com to search and potentially obtain a report on one specific individual, Intelius ultimately offers for sale an entirely different product or service. Intelius is not offering for sale only the report on the searched individual. Instead, Intelius is offering for sale a monthly subscription service that grants the purchaser unlimited access to background reports on anybody in its database. The searched for individual's report is a small part of a large database with reports on millions of people.

21.     In this way, Intelius misappropriated people's identities (individuals' names and other identifying information such as their age, location, and known relatives) for its own commercial benefit (i.e., to market and promote a monthly subscription to access unlimited reports on individuals in its database).

22.     Most importantly, Intelius never obtained written consent from Plaintiffs and Class members to use their names for any reason, let alone for commercial purposes. Defendants never notified Plaintiffs and Class members that their names would appear on the Intelius Marketing Page in conjunction with an offer to purchase access to its database of reports. Moreover, Plaintiffs and the Class members have no relationship with PeopleConnect and Intelius whatsoever.

23.     Accordingly, Plaintiffs, on behalf of themselves and other similarly situated Illinois residents, bring this action against Defendants for their ongoing violations of the IRPA, and seek (1) injunctive relief requiring Defendants to cease using Illinois residents' identities for commercial purposes, including on any Marketing Pages, (2) the greater of an award of actual damages, including profits derived from the unauthorized use of individuals' names, or statutory damages, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees.

**<u>FACTS SPECIFIC TO PLAINTIFF NATALIA KUPIEC</u>**

24.     Plaintiff Natalia Kupiec discovered that Defendants were using her identity to solicit the purchase of paid subscriptions to their various websites.

25.     Defendants specifically identified Plaintiff Kupiec by her full name, location, age, and names of immediate family members on the Intelius Marketing Page. *See* Figure 1.

26.     Plaintiff Kupiec never provided Defendants with her written consent (or consent

6

of any kind) to use any attribute of her identity for commercial purposes, and certainly never authorized Defendants to use her identity to promote any of their products or services.

27.     Plaintiff Kupiec is not and has never been a customer of any of Defendants' websites. In fact, Kupiec has no relationship with PeopleConnect or Intelius whatsoever.

## FACTS SPECIFIC TO PLAINTIFF ANNA LA FRONZA

28.      Plaintiff Anna La Fronza discovered that Defendants were using her identity to solicit the purchase of paid subscriptions to their various websites, including on Intelius.com.

29.     Defendants specifically identified Plaintiff La Fronza by her full name, location, age, and names of immediate family members on the Intelius Marketing Page.

30.     Plaintiff La Fronza never provided Defendants with her written consent (or consent of any kind) to use any attribute of her identity for commercial purposes, and certainly never authorized Defendants to use her identity to promote any of Defendants' products or services.

31.     Plaintiff La Fronza is not and has never been a customer of any of Defendants' websites. In fact, La Fronza has no relationship with PeopleConnect or Intelius whatsoever.

## CLASS ALLEGATIONS

32.     **Class Definition**: Plaintiff Natalia Kupiec and Anna La Fronza bring this action on behalf of themselves and a Class (referred to as the "Class", unless otherwise stated) defined as follows:

> All Illinois residents (1) whose identities were displayed on the Intelius Marketing Page and (2) who have never purchased any products or services on Intelius.com.

33.     Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a

controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

34.     **Numerosity**: The exact number of Class members is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. Members of the Class can be identified through Defendants' records.

35.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> a.     Whether Defendants used Plaintiffs' and Class members' names and identities for a commercial purpose;
>
> b.     Whether Plaintiffs and members of the Class provided their written consent to Defendants to use their names and identities in advertisements;
>
> c.     Whether the conduct described herein constitutes a violation of the IRPA; and
>
> d.     Whether Plaintiffs and the members of the Class are entitled to injunctive relief.

36.     **Typicality**: Plaintiffs' claims are typical of the claims of other members of the Class, in that Plaintiffs and the members of the Class sustained damages arising out of Defendants' uniform wrongful conduct.

37.     **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiffs.

38.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply and affect members of the Class uniformly and Plaintiffs' challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiffs. Plaintiffs and the members of the Class have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

39.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management

difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.***
**(On behalf of Plaintiffs and the Class)**

40.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

41.     The IRPA prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq.*

42.     Defendants sell subscription-based access to their databases containing detailed reports about people.

43.     As described above, to promote those reports, Defendants used Plaintiffs' and the putative class members' identities on their various Marketing Pages, which display the individuals found within its records that match the searched name, alongside uniquely identifying information such as each person's current age, location, and names of their immediate family members. This information serves to identify the individual and demonstrate that there are detailed reports in their databases for the person they searched for.

44.     The Marketing Pages have a commercial purpose in that they promote the Defendants' websites and paid memberships to access reports in their databases.

45.     Plaintiffs and the members of the Class never provided Defendants with their written consent to use their full names (or any attribute of their identity) in advertisements for access to Defendants' paid memberships. Defendants never notified Plaintiffs and the Class members that their names would be used in commercial advertisements.

46.     Defendants deprived Plaintiffs and the Class members of control over whether and how their names can be used for commercial purposes.

47.     Based upon Defendants' violation of the IRPA, Plaintiffs and the members of the Class are entitled to (1) an injunction requiring Defendants to cease using Plaintiffs' and Class members' names and any attributes of their identities to advertise their products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiffs' and Class members' names and identities) or statutory damages of $1,000 per violation to the members of the Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Natalia Kupiec and Anna La Fronza, individually and on behalf of the Class, pray that the Court enter an Order:

a.     Certifying this case as a class action defined above, appoint Natalia Kupiec and Anna La Fronza as Class Representatives, and appoint their counsel as Class Counsel;

b.     Declaring that Defendants' actions described herein constitute a violation of the IRPA;

c.     Awarding injunctive and other equitable relief as necessary to protect the interest of the Class, including, *inter alia*, an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

d.     Awarding the greater of actual damages, including the profits derived from the wrongful and unlawful acts described herein, or statutory damages in the amount of $1,000 per violation, to the members of the Class;

e.     Awarding punitive damages where applicable;

f.     Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

g.     Awarding Plaintiffs and the Class pre- and post-judgment interest; and

h.      Granting such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs request trial by jury of all matters that can be so tried.

Respectfully Submitted,

**NATALIA KUPIEC** and **ANNA LA FRONZA**, individually and on behalf of all others similarly situated,

Dated: June 2, 2021                By: /s/ Benjamin S. Thomassen
                                        One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Ari J. Scharg
ascharg@edelson.com
Benjamin Thomassen
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Kupiec and the putative Class*

Philip L. Fraietta (admitted *pro hac vice*)
pfraietta@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

J. Dominick Larry
nick@nicklarry.law
NICK LARRY LAW LLC
8 South Michigan Avenue, Suite 2600
Chicago, Illinois 60603
Tel: 773.694.4669
Fax: 773.694.4691

*Attorneys for Plaintiff La Fronza and the putative Class*