# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANNA LA FRONZA, and NATALIA KUPIEC, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 1:21-cv-00280<br>)<br>) Hon. Judge Edmond E. Chang<br>) |
| v. | ) Magistrate Judge M. David Weisman<br>) |
| PEOPLECONNECT, INC., a Delaware corporation, and INTELIUS LLC, a Delaware limited liability company, | )<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS

Defendants PeopleConnect, Inc. and Intelius LLC (together, "Defendants" or "Intelius") respectfully request that this Court stay discovery pending resolution of Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and (12)(b)(6) ("Motion to Dismiss"). A stay of discovery is warranted because the Motion to Dismiss raises a number of important threshold issues that categorically bar Plaintiffs' claim, including Plaintiffs' agreement to arbitrate their claim, this Court's lack of personal jurisdiction, and the applicability of Section 230 of the Communications Decency Act. In addition, the Motion to Dismiss raises several other case-dispositive arguments, including that the conduct underlying Plaintiffs' claim is protected Free Speech under the First Amendment.

Engaging in discovery before the Court rules on these threshold, case-dispositive issues would be costly and inefficient for all involved and have an impermissible chilling effect on Defendants' exercise of their First Amendment right to free speech.

## BACKGROUND

The full background of this action is set forth in PeopleConnect's pending Motion to Dismiss. On June 2, 2021, Plaintiffs filed this putative class action against Defendants stemming from their operation of Intelius.com. Second Amended Class Action Complaint and Demand for Jury Trial ("Compl.") ¶ 1, Dkt. No. 46. Plaintiffs allege that Defendants violate the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1, *et seq.*, by using their information to market background reports. Compl. ¶ 43.

Concurrent with the filing of this Motion, Defendants are filing a Motion to Dismiss. Defendants' Motion to Dismiss raises threshold and other case-dispositive arguments. *First*, the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(3) for improper forum, as Plaintiffs agreed to pursue their claim in arbitration. *Second*, the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(2) because Plaintiffs have failed to plead that this Court has personal jurisdiction over Defendants. *Third*, Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), bars Plaintiffs' claim. The Motion to Dismiss also raises several other case-dispositive issues, including that (1) Plaintiffs have failed to state a claim under IRPA; and (2) applying IRPA to the conduct alleged would violate both the First Amendment and Dormant Commerce Clause of the U.S. Constitution.

## ARGUMENT

"District courts have extremely broad discretion in controlling discovery." *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) (collecting cases and noting that

the Federal Rules of Civil Procedure permit the court to "limit the scope of discovery or control its sequence" (citing Fed. R. Civ. P. 26(c)–(d))). Under Rule 26(c), a motion to stay discovery should be granted "'for good cause.'" *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *1 (N.D. Ill. Oct. 28, 2008) (citing Fed. R. Civ. P. 26(c)(1)). Indeed, "[s]tays of discovery are . . . often appropriate where the motion to dismiss can resolve the case . . . or where the issue is a threshold one, such as jurisdiction, . . . standing, or . . . questions of qualified immunity." *Bilal,* 2007 WL 1687253, at *1 (internal citations omitted).

Judge Kendall recently stayed discovery in two similar IRPA matters brought against other websites pending rulings on the defendants' motions to dismiss. *See* Minute Entry, *Bonilla v. Ancestry.com Operations Inc.*, No. 1:20-cv-07390 (N.D. Ill. March 23, 2021), ECF No. 28; Minute Entry, *Bonilla v. Peopleconnect, Inc.* No. 1:21-cv-00051 (N.D. Ill. Apr. 6, 2021), ECF No. 31. This Court should do the same. As in those cases, a stay of discovery is appropriate because Defendants' Motion to Dismiss raises a range of threshold issues that would categorically bar Plaintiffs' IRPA claim.

*First*, the Motion to Dismiss seeks dismissal of Plaintiffs' Complaint based on the binding arbitration agreement between Plaintiffs and Defendants, which requires Plaintiffs to litigate (and conduct discovery) in a different forum. As the Seventh Circuit has observed, "[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators—indeed, for the sake of economy and in contrast to the practice in adjudication, parties to an arbitration do not conduct discovery; the arbitrators do." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002), *as amended* (July 31, 2002) (citing 9 U.S.C. § 7); *see also Stiener v. Apple Comput., Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (holding that "a short stay of the initial scheduling obligations and discovery pending the determination of

3

the motion to compel arbitration is [] prudent"). Consistent with this rationale, this Court has previously stayed discovery pending resolution of a motion to compel arbitration. *See* Minute Entry, *Nettles v. Blatt, Hasenmiller, Leibsker & Moore LLC et al*, No. 18-cv-7766 (N.D. Ill. May 7, 2019), ECF No. 37. The same result is appropriate here.

*Second*, the Motion to Dismiss seeks dismissal of Plaintiffs' Complaint based on this Court's lack of personal jurisdiction over Defendants, which is "a critical threshold issue that bears on the Court's power to proceed with an adjudication[.]" *Alexander v. Take-Two Interactive Software, Inc.*, No. 3:18-CV-966-SMY-MAB, 2019 WL 2176321, at *2 (S.D. Ill. May 20, 2019) ("Waiting to first determine whether the Court has jurisdiction over these Defendants will avoid the dedication of time, money, and resources toward merits-based discovery if jurisdiction is ultimately lacking."). In short, this Court lacks jurisdiction over Intelius because—contrary to Plaintiffs' conclusory allegations—merely operating a website accessible in a forum state is not sufficient to create personal jurisdiction unless the website specifically targets the forum state. *See be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011); *Gullen v. Facebook.com, Inc.*, No. 15 C 7681, 2016 WL 245910, at *2 (N.D. Ill. Jan. 21, 2016). Plaintiffs plead no facts suggesting that their claims arise out of any efforts by Intelius to specifically target Illinois. This significant threshold issue alone justifies a discovery stay. *See Alexander*, 2019 WL 2176321, at *2.

*Third*, Plaintiffs' lawsuit is barred by Section 230 of the Communications Decency Act. In fact, at least two other courts already concluded that Section 230 bars similar claims against Intelius. *See, e.g.*, *Liberi v. Taitz*, No. SACV 11-0485 AG (AJWx), 2011 WL 13315691, at *11–12 (C.D. Cal. Oct. 17, 2011); *Obado v. Magedson*, No. Civ. 13-2382 JAP, 2014 WL 3778261, at *7 (D.N.J. July 31, 2014), *aff'd*, 612 F. App'x 90 (3d Cir. 2015). This is a threshold issue that, where applicable (as it is here), serves as an absolute statutory barrier to recovery. *See, e.g.*,

*Callahan v. Ancestry.com*, No. 20-cv-8437-LB, 2021 WL 783524, at *5–6 (N.D. Cal. Mar. 1, 2021) (dismissing right of publicity claim against website on Section 230 grounds); *Callahan v. Ancestry.com*, No. 20-cv-8437-LB, 2021 WL 2433893, at *7 (N.D. Cal. June 15, 2021) (dismissing amended complaint).

The Motion to Dismiss also raises a number of other arguments that are "potentially dispositive" and warrant a stay. *See Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Properties of Am., Inc.*, No. 12 C 5882, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013) (granting motion to stay discovery). Most significantly for purposes of this Motion, Plaintiffs' lawsuit is foreclosed by the First Amendment. The potential "chilling effect on free speech" implicated by Plaintiffs' claim in particular militates against permitting discovery before these issues are adjudicated. *See, e.g.*, *Reno v. Am. C.L. Union*, 521 U.S. 844, 871–72, (1997) (finding that "a content-based regulation of speech . . . raises special First Amendment concerns because of its obvious chilling effect on free speech"). Plaintiffs have also failed to state a claim under IRPA. This argument is plainly dispositive, as Judge Shah previously dismissed a similar suit against Intelius on this basis. *See Dobrowolski v. Intelius, Inc.*, No. 17 CV 1406, 2018 WL 11185289, at *3, *4 (N.D. Ill. May 21, 2018). And finally, applying IRPA to Intelius's conduct would violate the Dormant Commerce Clause. *See Midwest Title Loans, Inc. v. Mills*, 593 F.3d 660, 665 (7th Cir. 2010) (recognizing that legislation must be invalidated "where states actually attempt to regulate activities in other states").

Lastly, a stay of discovery will not prejudice Plaintiffs: "If the motion[] to dismiss [is] granted those defendants will be spared the expense of discovery. If [it is] denied plaintiffs will suffer only a brief delay." *Cemail v. Viking Dodge, Inc.*, No. 97 C 908, 1997 WL 359962, at *1 (N.D. Ill. June 17, 1997) (granting stay of discovery pending decision on motions to dismiss).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Stay Discovery Pending Resolution of Their Motion to Dismiss.

Dated: June 23, 2021

Respectfully Submitted,

PEOPLECONNECT, INC., and INTELIUS LLC

By: */s/ Wade A. Thomson*

Wade A. Thomson, #6282174
Debbie L. Berman, #6205154
Clifford W. Berlow, #6292383
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
wthomson@jenner.com
dberman@jenner.com
cberlow@jenner.com

Ian Heath Gershengorn (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
Telephone: 202 639-6000
Facsimile: 202 639-6066
igershengorn@jenner.com

*Attorneys for Defendants PeopleConnect, Inc., and Intelius LLC*

**CERTIFICATE OF SERVICE**

    I, Wade A. Thomson, certify that on June 23, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

                                              /s/ *Wade A. Thomson*
                                                  Wade A. Thomson